UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No.

JOEL PENTLARGE,

      Plaintiff,

vs.

# 04-30188-MAP

THE TOWN CLERK OF WARE,

      Defendant.

FILING FEE PAID:
RECEIPT # _305737_.
AMOUNT $_150.00_.
BY DPTY CLK _MGa_
DATE _9/23/04_

## COMPLAINT

## INTRODUCTION

1. The plaintiff, Joel Pentlarge, brings this action to enforce his right to vote. The plaintiff has recently completed incarceration due to felony convictions, and is now civilly committed as a sexually dangerous person pursuant to M.G.L. c. 123A, but the plaintiff is no longer incarcerated in a correctional institution due to a felony conviction. The defendant, the Town Clerk of the Town of Ware, has refused to send the plaintiff an absentee ballot for the state primary election which took place on September 14, 2004. The plaintiff seeks a preliminary and permanent injunction ordering the Town Clerk to provide the plaintiff with an absentee ballot for the upcoming presidential election on November 5, 2004 and for all other local, state and national elections.

## JURISDICTION

2. This court has jurisdiction of the subject matter of this case under 28 U.S.C. § 1343 and 1367, including pendent and supplemental jurisdiction over claims under the Massachusetts General Laws which claims are so related to the claims under

§ 1343 that they form part of the same case or controversy.

PARTIES

3.    The plaintiff, Joel Pentlarge, is a natural person who is comorant at the Massachusetts Treatment Center at 30 Administration Road, Bridgewater, Massachusetts, 02324, and who resides at 10 Prospect Street, Ware, Hampshire County, Massachusetts, 01082-1116.

4.    The Town Clerk of the Town of Ware is Nancy J. Talbot, whose office is located in the Town Hall, 126 Main Street, Ware, Hampshire County, Massachusetts, 01082.  The official duties of Ms. Talbot include registering voters, maintaining the voter registration lists of the Town of Ware and sending absentee ballots to voters who are unable to attend the  elections in person.  Ms. Talbot is sued in both her individual and official capacities.  At all times relevant to this action Ms. Talbot has acted under color of law.

STATEMENT OF FACTS

5.    In July 2000 the plaintiff pled guilty to five counts of statutory rape, a felony, and was sentenced to serve three to four years in prison on four counts concurrently, and to probation for life on the fifth count in the Hampshire Superior Court.

6.    Each of the statutory rapes for which the plaintiff was sentenced occurred prior to 1999.

7.    In 1999 G.L. c. 123A was amended to provide for civil committment in the Massachusetts Treatment Center of persons who are determined to be sexually dangerous because of a mental abnormality or personality disorder.

8.   In November of 2000 the Constitution of Massachusetts was amended by Article 120 of the Articles of Amendment to provide that "persons who are incarcerated in a correctional facility due to a felony conviction" are ineligible to vote.

9.   On or before January 8, 2004 the plaintiff completed serving the sentences  of incarceration for the four felony convictions for statutory rape.

10   On July 19, 2004 after a jury trial in the Hampshire Superior Court the plaintiff was civilly committed to the Massachusetts Treatment Center for a day to life as a sexually dangerous person, pursuant to M.G.L. c. 123A.

11.   The plaintiff has been registered voter in the Town of Ware for over 25 years.

12.   On September 3, 2004 the plaintiff wrote to the Town Clerk of the Town of Ware requesting an absentee ballot for the September 14, 2004 state primary election.

13.   On September 9, 2004 the Town Clerk wrote back to the plaintiff denying the plaintiff's request for an absentee ballot.   Attached as Exhibit A of this complaint is a copy of the Town Clerk's letter to the plaintiff of September 9, 2004.

14.   The plaintiff is not now incarcerated in a correctional facility due to a felony conviction.

15.   The plaintiff is eligible tovote in the upcoming November 5, 2004 presidential election and all other national, state and local elections.

16.   The plaintiff will suffer immediate and irreparable harm if he is denied the right to vote in the upcoming presidential election or any other elections.

CAUSES OF ACTION

17.  The right to vote is protected for all qualified voters by the Constitution of the United States.  Reynolds v. Sims, 377 U.S. 533, 554 (1964).  The Equal Protection Clause of the Fourteenth Amendment protects qualified voters from discrimination which is "simply arbitrary and capricious."  Id at 577.  and Bush v. Gore, 531 U.S. 98, 104-105 (2000).  The Town Clerk by denying the plaintiff, who is a qualified voter, the right to vote, has discriminated against the plaintiff arbitrarily and capriciously in violation of the plaintiff's Fourteenth Amendment Right to Equal Protection.  This violation of the plaintiff's Fourteenth Amendment rights entitles the plaintiff to injunctive relief under 42 U.S.C. § 1983 and attorneys fees and costs under 42 U.S.C. § 1988.

18.  M.G.L. c. 50, § 1, provides that:

> "Every citizen eighteen years of age or older, not being a person under guardianship or incarcerated in a correctional facility due to a felony conviction...may have his name entered on the list of voters in such city or town and may vote therein in any such election...."

The plaintiff is entitled to declaratory relief declaring that the plaintiff is not incarcerated in a correctional facility due to a felony and therefore is eligible to vote as provided by M.G.L. c. 50, § 1.

19.  The plaintiff is entitled to a declaration that he is eligible to vote by absentee ballot, as provided by M.G.L. c. 50, §§ 86-94.

20.  The plaintiff is entitled to bring this action to enforce his right to vote as provided by M.G.L. c. 56, § 59.

21.  Alternatively, if the court concludes that the

5

Massachusetts Treatment Center, officially denominated the Nemansket
Correctional Center in § 2 of M.G.L. c. 123A, is a correctional
facility, and that the plaintiff is incarcerated there due to
a felony, then the plaintiff is entitled to a declaration that
his incarceration and disenfranchisement for crimes committed
before the amendments to c. 123A and Article 120 of the Articles
of Amendment to the Massachusetts Constitution violates both
the Ex Post Facto clause and the Double Jeopardy clause of the
United States Constitution.

RELIEF

Wherefore the plaintiff requests that the court grant the
follwing relief:

1.   The court issue a short order of notice.

2.   The court declare that the plaintiff is eligible to
vote under the laws of Massachusetts in all national, state and
local elections, either in person or by absentee ballot.

3.   Alternatively the court declare that M.G.L. c. 123A
and Artlce 120 of the Articles of Amendment to the Massachusetts
Constitution violate the Ex Post Facto clause and/or the Double
Jeopardy clauses to the United States Constitution as applied
to the plaintiff and all persons similarly situated.

4.   The court enter a preliminary and permanent injunction
enjoining the defendant Town Clerk of the Town of Ware from failing
to allow the plaintiff to vote and from failing to provide the
plaintiff with an absentee ballot upon request.

5.   The court award the plaintiff attorney's fees pursuant
to 42 U.S.C. § 1988, together with the costs of this action.

6

6.  The court grant such further relief as justice and equity require.

Joel Pentlarge, Plaintiff

Joel Pentlarge, Pro Se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

Verification

I, Joel Pentlarge, state under the pains and penalties of perjury that all of the factual allegations contained in the foregoing complaint are true.

September 19, 2004

Joel Pentlarge

TEL: 413 - 967-4471 EXT. 103



EXHIBIT    A

# TOWN OF WARE, MASSACHUSETTS
# OFFICE OF THE TOWN CLERK

126 MAIN STREET, WARE, MASSACHUSETTS 01082

**NANCY J. TALBOT**
*TOWN CLERK*

September 9, 2004

Mr. Joel Pentlarge
Mass. Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

Dear Mr. Pentlarge:

I am in receipt of your letter requesting an Absentee Ballot for the Primary Election to be held on September 14, 2004.

Unfortunately, I am not at liberty to fulfill your request for the following reasons:

1. In November 2000 at the State Election, the voters of Massachusetts approved a constitutional amendment, which added certain qualifications for voting. Article 120 added language to the Massachusetts Constitution, which establishes the qualifications for voting in this state. The text added reads as follows:
   "excepting persons who are incarcerated in a correctional facility due to a felony conviction, and ".
2. Accordingly, in Massachusetts, persons who are currently incarcerated for felony convictions cannot vote in either federal, state, or local elections.

Sincerely,

*Nancy J. Talbot*

Nancy J. Talbot
Town Clerk

cc: Denied Absentee Ballot Requests File

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No.

JOEL PENTLARGE,

      Plaintiff,

  vs.

THE TOWN CLERK OF WARE,

      Defendant.

PLAINTIFF'S MOITON FOR
A PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

    The plaintiff, Joel Pentlarge, moves that the court issue a preliminary injunction and/or summary judgment as follows:

    1.  The court declare that the plaintiff is eligible to vote under the laws of Massachusetts in all national, state and local elections either in person or by absentee ballot.

    2.  The court enter a preliminary and permanent injunction enjoining the defendant Town Clerk of the Town of Ware from failing to allow the plaintiff to vote and from failing to provide the plaintiff with an absentee ballot upon request.

    In support of this motion the plaintiff states that there are no material facts in dispute.  The plaintiff is entitled to judgment as a matter of law.  There is a substantial likelihood that the plaintiff will suceed on the merits.  The plaintiff will suffer irreparable harm if he is deprived of his right to vote, particularly in the upcoming presidential election which is scheduled for November 5, 2004.

    In further support the plaintiff has filed a verified complaint, a Statement of Undisputed Material Facts and an Affidavit attesting

2

to those facts and Statement of Elements of Law.

Respectfully submitted,

Joel Pentlarge, Plaintiff

Joel Pentlarge
Mass. Treatment Center
30 Administration Rd.
Bridgewater, MA 02324
Telephone (413) 967-3453

### Certificate of Service

I, Joel Pentlarge, state under the pains and penalties of perjury that I have served a copy of the foregoing Motion for a Preliminary Injunction or Summary Judgment together with a copy of the Complaint, the Plaintiff's Statement of Undisputed Material Facts and the Plaintiff's Statement of Legal Elements on:

Nancy Talbot, Town Clerk of the Town of Ware
Town Hall
126 Main St.
Ware, MA 01082

David Wojcik, Town Counsel
Christopher, Hays, Wojcik & Mavricos
370 Main St.
Worcester, MA 01608

by first class mail postage prepaid.

September 22, 2004

Joel Pentlarge

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No.

JOEL PENTLARGE,

     Plaintiff,

vs.

THE TOWN CLERK OF WARE,

     Defendant.

PLAINTIFF'S STATEMENT OF
UNDISPUTED MATERIAL FACTS

The plaintiff, Joel Pentlarge, submits the following facts as undisputed in support of the plaintiff's motion for summary judgment or preliminary injunction.

1.  In July 2000 the plaintiff pled guilty in the Hampshire Superior Court to five counts of statutory rape, a felony, and was sentenced to serve three to four years in prison on four those counts concurrently and to probation for life on the fifth count, begining on July 31, 2000.

2.  Each of the statutory rapes to which the plaintiff pled guilty and for which the plaintiff was incarcerated occurred prior to 1999.

3.  In 1999 G.L. c. 123A was amended to provide for the civil commitment of persons who had: 1) previously committed a sexual offense; 2) suffered from a mental abnormality or personality disorder; 3) were likely to commit new sexual offenses if not confined to a secure facility.  The definition of sexual offenses contained in c. 123A, § 1, includes statutory rape.

2

4.   In November 2000 the Constitution of Massachusetts was amended by Article 120 of the articles of amendment to provided that   "persons who are incarcerated in a correctional facility due to a felony conviction" are ineligible to vote.

5.   On or before January 8, 2004 the plaintiff completed serving the sentences  for the four felony convictions for statutory rape, which imposed incarceration.

6.   On July 19, 2004 after a jury trial in the Hampshire Superior Court the plaintiff was civilly committed as a sexually dangerous person for a day to life to the Massachusetts Treatment Center at Bridgewater, pursuant to M.G.L. c. 123A.

7.   The plaintiff has been a registered voter in the Town of Ware for over 25 years.

8.   On September 3, 2004 the plaintiff sent the defendant Town Clerk of the Town of Ware a written request for an absentee ballot for the state primary election scheduled for September 14, 2004.

9.   The Town Clerk refused to send the plaintiff an absentee ballot for the reasons stated in her letter of September 9, 2004 to the plaintiff, which letter is attached as Exhibit A of the Complaint in this action.

Joel Pentlarge, Plaintiff


Joel Pentlarge, Pro Se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, MA 02324
Telephone (413) 967-3453

<u>AFFIDAVIT OF JOEL PENTLARGE</u>

I, Joel Pentlarge, state under the pains and penalties of perjury that all of the facts contained in the foregoing statement of undisputed material facts are true.

September 19, 2004

_____
Joel Pentlarge

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No.

JOEL PENTLARGE,

      Plaintiff,

  vs.

THE TOWN CLERK OF WARE,

      Defendant.

## PLAINTIFF'S STATEMENT OF LEGAL ELEMENTS

The plaintiff, Joel Pentlarge, submits the following statement of legal elements in support of his motion for a preliminary injunction or summary judgment.

1.  On November 7, 2000 the voter of Massachusetts approved Article 120 of the Articles of Amendment to the Massachusetts Constitution, which amended Article III of the Articles of Amendment to the Massachusetts Constitution to read in the relevant portion as follows:

> "Article III.  Qualifications of Voters for Governor, Lieutenant-Governor, Senators and Representatives.
>
> Every citizen of eighteen years of age and upwards, excepting persons who are incarcerated in a correctional facility due to a felony conviction, and, excepting persons under guardianship and persons temporarily or permanently disqualified by law because of corrupt practices in respect to elections, who shall have resided within the town or district which he may claim a right to vote, six calendar months next preceding any election of governor, lieutenant governor, senators or representatives; and no other person shall be entitled to bote in such election.

(The underlined language was added by the 2000 Amendment.)

2.  General Laws, c. 51, § 1 was amended by c. 150, § 2 of the acts of 2001 to conform § 1 to the amendment of Article III of the Articles of Amemdment.  Section 1 now provides in

2

the relevant portion:

"§ 1.  Qualifications of Voters.

Every citizen eighteen years of age or older, not
not being a person under guardianship or incarcerated in
a correctional facility due to a felony conviction...may
have his name entered on the list of voters... and no other
person may so vote...."

(The underlined language was added by the 2001 amendment.)

3.  The legislature reinstituted the civil commitment of

sexually dangerous persons by enacting c. 74 of the Acts of

1999, effective September 10, 1999.  Commonwealth v. Bruno,

432 Mass. 489, 491-494, 735 N.E.2d 1222, 1225-1227 (2000).

Chapter 74 of the Acts of 1999 is codified in G.L. c. 123A and

defines a "sexually dangerous person" in § 1, as relevant to

this case as:

"any person who has been (i) convicted of...a sexual offense
and who suffers from a mental abnormality or personality
disorder which makes the person likely to engage in sexual
offenses if not confined to a secure facility...."

4.  In determining wheter the civil commitment statute

is retroactive in its application or violates the ex post facto

clause of the Constitution the Supreme Judicial Court ruled

that "the conduct triggering the statute's application is not

the prior conviction of a sexual offense, but the current mental

condition of the defendant.  See G.L. c. 123A, § 1 (definition

of 'sexually dangerous person'); § 12(b).  The focus of the

definition of 'sexually dangerous person' and the statute's

various sections relating to the procedures governing commitment

is the defendant's current mental condition."  Bruno, at Mass.

498.

3

5.  The conviction for a prior sexual offense is relevant to the finding that a person is sexually dangerous in that: "a person, in addition to possessing the requisite current mental condition, must have been convicted of a sexual offense, only identifies and limits the class of persons subject to potential commitment under c. 123A." Id.

6.  "The fact that treatment for committed persons is provided at a treatment center operated under the auspices of the department of correction does not render the commitment penal in nature." Bruno, at 502.  The Supreme Judicial Court concluded therefore that civil commitment does not apply new consequences to events completed before its enactment, and does not violate the ex post facto clause.  Bruno, at 498 and 502.

7.  An action may be brought under 42 U.S.C. § 1983 to enforce a person's right to vote, and attorney's fees may be awarded pursuant to 42 U.S.C. § 1988.  Guardianship of Hurley, 394 Mass. 554, 476 N.E.2d 941 (1985).

8.  Any alleged infringment of the right of a citizen to vote must be carefully and meticulously scrutinized.  Kramer v. Union Free School District, 395 U.S. 621, 626 (1969); and Hurley at 476 N.E.2d 945.

9.  Voter exclusions must be narrowly construed.  Hurley, at N.E.2d 945, ruling that a person under a limited guardianship was entitled to vote under the narrowly construed language of Article III of the Articles of Amendment to the Massachusetts Constitution and G.L. c. 51, § 1.  See also Boyd v. Registrars of Voters of Belchertown, 368 Mass. 631, 637, 334 N.E.2d 629 (1975), holding that mentally retarded persons under a guardian-

4

ship are entitled to vote under the narrowly construed language
of Article III and c. 51, § 1.

10.   Under the court's pendent jurisdiction, the court
may adjudicate the plaintiff's claim to enforce the voter eligibility
provision of G.L. c. 51, § 1, by way of the state created remedy
set out in G.L. c. 56, § 59.   See Dane v. Board of Registrars,
371 N.E.2d 1358, 1363 (1978) for example of the state courts
using this statutorily created right to enforce voter eligibility.

11.   An action for declaratory and injunctive relief is
also an appropriate way to enforce a voter's right to vote.
Coulombre v. Board of Registrars of Worcester, 3 Mass. App.
206, 326 N.E.2d  360, 361 (1975) ordering that a resident of
Worcester State Hospital be registered as voter in an action
brought pursuant to G.L. c. 231A, the state's declaratory and
injunctive relief statute.

12.   The Constitution of the United States protects the
right of all qualified citizens to vote, in state, as well
as in federal elections.  Reynolds v. Sims,377 U.S. 533, 554
(1964).

13.   The Equal Protection Clause prohibits discrimination
against voters, including discrimination that reflects no policy,
"but simply arbitrary and capricious action." Reynolds, at 577,
quoting Baker v. Carr, 369 U.S. 186, 198.

14.   It is apodictic that the right to vote is a right that
preserves all others.  The right to vote freely for the candidate
of ones choice is of the essence of a democratic society, and
any restrictions on that right strike at the heart of the
democratic government.  Werme v. Merrill, 84 F.3d 479, 483
(1st  Cir. 1996, Selya, J.)

5

15.    The Massachusetts Treatment Center is a "secure mental health facility, not a correctional facility." <u>Commonwealth v. Knapp</u>, 441 Mass. 157, 168 (2004).

16.    "Four criteria  govern the decision to grant or deny a preliminary injunction.  The district court must consider:

(1) the likelihood of success on the merits;

(2) the potential for irreparable harm, if the injunction is denied;

(3) the balance of relevant impositions, i.e. the hardship to the nonmovant [defendant] if enjoined as contrasted with the hardship to the movant [plaintiff] if no injunction issues; and

(4) the effect (if any) of the court's ruling on the public interest." <u>Wagner v. City of Holyoke</u>, 100 F.Supp.2d 78, 82 (D. Mass. 2000, Ponsor, J.) citations ommitted.  Where the alleged injury is a threat to First Amendment interests, the finding of irreparable injury is often tied to the likelihood of success on the merits.  The loss of First Amendment freedoms unquestionably constitutes irreparable injury.  <u>Id.</u>

Respectfully submitted,

Joel Pentlarge, Plaintiff

Joel Pentlarge, Pro Se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, MA 02324
Telephone (413) 967-3453

September 20, 2004