UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No.

JOEL PENTLARGE,

    Plaintiff,

vs.                     04 CV 30188-MAP

THE TOWN CLERK OF WARE,

    Defendant.

PLAINTIFF'S STATEMENT OF
UNDISPUTED MATERIAL FACTS

The plaintiff, Joel Pentlarge, submits the following facts as undisputed in support of the plaintiff's motion for summary judgment or preliminary injunction.

1. In July 2000 the plaintiff pled guilty in the Hampshire Superior Court to five counts of statutory rape, a felony, and was sentenced to serve three to four years in prison on four those counts concurrently and to probation for life on the fifth count, begining on July 31, 2000.

2. Each of the statutory rapes to which the plaintiff pled guilty and for which the plaintiff was incarcerated occurred prior to 1999.

3. In 1999 G.L. c. 123A was amended to provide for the civil commitment of persons who had: 1) previously committed a sexual offense; 2) suffered from a mental abnormality or personality disorder; 3) were likely to commit new sexual offenses if not confined to a secure facility. The definition of sexual offenses contained in c. 123A, § 1, includes statutory rape.

4. In November 2000 the Constitution of Massachusetts was amended by Article 120 of the articles of amendment to provided that "persons who are incarcerated in a correctional facility due to a felony conviction" are ineligible to vote.

5. On or before January 8, 2004 the plaintiff completed serving the sentences for the four felony convictions for statutory rape, which imposed incarceration.

6. On July 19, 2004 after a jury trial in the Hampshire Superior Court the plaintiff was civilly committed as a sexually dangerous person for a day to life to the Massachusetts Treatment Center at Bridgewater, pursuant to M.G.L. c. 123A.

7. The plaintiff has been a registered voter in the Town of Ware for over 25 years.

8. On September 3, 2004 the plaintiff sent the defendant Town Clerk of the Town of Ware a written request for an absentee ballot for the state primary election scheduled for September 14, 2004.

9. The Town Clerk refused to send the plaintiff an absentee ballot for the reasons stated in her letter of September 9, 2004 to the plaintiff, which letter is attached as Exhibit A of the Complaint in this action.

Joel Pentlarge, Plaintiff

_____
Joel Pentlarge, Pro Se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, MA 02324
Telephone (413) 967-3453

## AFFIDAVIT OF JOEL PENTLARGE

I, Joel Pentlarge, state under the pains and penalties of perjury that all of the facts contained in the foregoing statement of undisputed material facts are true.

September 19, 2004

_____
Joel Pentlarge

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No.

JOEL PENTLARGE,

    Plaintiff,

vs.

THE TOWN CLERK OF WARE,

    Defendant.

## PLAINTIFF'S STATEMENT OF LEGAL ELEMENTS

The plaintiff, Joel Pentlarge, submits the following statement of legal elements in support of his motion for a preliminary injunction or summary judgment.

1. On November 7, 2000 the voter of Massachusetts approved Article 120 of the Articles of Amendment to the Massachusetts Constitution, which amended Article III of the Articles of Amendment to the Massachusetts Constitution to read in the relevant portion as follows:

> "Article III.  Qualifications of Voters for Governor, Lieutenant-Governor, Senators and Representatives.
>
> Every citizen of eighteen years of age and upwards, <u>excepting persons who are incarcerated in a correctional facility due to a felony conviction</u>, and, excepting persons under guardianship and persons temporarily or permanently disqualified by law because of corrupt practices in respect to elections, who shall have resided within the town or district which he may claim a right to vote, six calendar months next preceding any election of governor, lieutenant governor, senators or representatives; and no other person shall be entitled to bote in such election.

(The underlined language was added by the 2000 Amendment.)

2. General Laws, c. 51, § 1 was amended by c. 150, § 2 of the acts of 2001 to conform § 1 to the amendment of Article III of the Articles of Amemdment.  Section 1 now provides in

2

the relevant portion:

> "§ 1.  Qualifications of Voters.
>
> Every citizen eighteen years of age or older, not not being a person under guardianship or <u>incarcerated in a correctional facility due to a felony conviction</u>...may have his name entered on the list of voters... and no other person may so vote...."

(The underlined language was added by the 2001 amendment.)

3.  The legislature reinstituted the civil commitment of sexually dangerous persons by enacting c. 74 of the Acts of 1999, effective September 10, 1999. <u>Commonwealth v. Bruno</u>, 432 Mass. 489, 491-494, 735 N.E.2d 1222, 1225-1227 (2000). Chapter 74 of the Acts of 1999 is codified in G.L. c. 123A and defines a "sexually dangerous person" in § 1, as relevant to this case as:

> "any person who has been (i) convicted of...a sexual offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in sexual offenses if not confiened to a secure facility...."

4.  In determining wheter the civil commitment statute is retroactive in its application or violates the <u>ex post facto</u> clause of the Constitution the Supreme Judicial Court ruled that "the conduct triggering the statute's application is not the prior conviction of a sexual offense, but the current mental condition of the defendant.  See G.L. c. 123A, § 1 (definition of 'sexually dangerous person'); § 12(b).  The focus of the definition of 'sexually dangerous person' and the statute's various sections relating to the procedures governing commitment is the defendant's current mental condition."  <u>Bruno</u>, at Mass. 498.

5. The conviction for a prior sexual offense is relevant to the finding that a person is sexually dangerous in that: "a person, in addition to possessing the requisite current mental condition, must have been convicted of a sexual offense, only identifies and limits the class of persons subject to potential commitment under c. 123A." Id.

6. "The fact that treatment for committed persons is provided at a treatment center operated under the auspices of the department of correction does not render the commitment penal in nature." Bruno, at 502. The Supreme Judicial Court concluded therefore that civil commitment does not apply new consequences to events completed before its enactment, and does not violate the ex post facto clause. Bruno, at 498 and 502.

7. An action may be brought under 42 U.S.C. § 1983 to enforce a person's right to vote, and attorney's fees may be awarded pursuant to 42 U.S.C. § 1988. Guardianship of Hurley, 394 Mass. 554, 476 N.E.2d 941 (1985).

8. Any alleged infringment of the right of a citizen to vote must be carefully and meticulously scrutinized. Kramer v. Union Free School District, 395 U.S. 621, 626 (1969); and Hurley at 476 N.E.2d 945.

9. Voter exclusions must be narrowly construed. Hurley, at N.E.2d 945, ruling that a person under a limited guardianship was entitled to vote under the narrowly construed language of Article III of the Articles of Amendment to the Massachusetts Constitution and G.L. c. 51, § 1. See also Boyd v. Registrars of Voters of Belchertown, 368 Mass. 631, 637, 334 N.E.2d 629 (1975), holding that mentally retarded persons under a guardian-

4

ship are entitled to vote under the narrowly construed language of Article III and c. 51, § 1.

10. Under the court's pendent jurisdiction, the court may adjudicate the plaintiff's claim to enforce the voter eligibility provision of G.L. c. 51, § 1, by way of the state created remedy set out in G.L. c. 56, § 59. See Dane v. Board of Registrars, 371 N.E.2d 1358, 1363 (1978) for example of the state courts using this statutorily created right to enforce voter eligibility.

11. An action for declaratory and injunctive relief is also an appropriate way to enforce a voter's right to vote. Coulombre v. Board of Registrars of Worcester, 3 Mass. App. 206, 326 N.E.2d 360, 361 (1975) ordering that a resident of Worcester State Hospital be registered as voter in an action brought pursuant to G.L. c. 231A, the state's declaratory and injunctive relief statute.

12. The Constitution of the United States protects the right of all qualified citizens to vote, in state, as well as in federal elections. Reynolds v. Sims, 377 U.S. 533, 554 (1964).

13. The Equal Protection Clause prohibits discrimination against voters, including discrimination that reflects no policy, "but simply arbitrary and capricious action." Reynolds, at 577, quoting Baker v. Carr, 369 U.S. 186, 198.

14. It is apodictic that the right to vote is a right that preserves all others. The right to vote freely for the candidate of ones choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of the democratic government. Werme v. Merrill, 84 F.3d 479, 483 (1st Cir. 1996, Selya, J.)

15. The Massachusetts Treatment Center is a "secure mental health facility, not a correctional facility." Commonwealth v. Knapp, 441 Mass. 157, 168 (2004).

16. "Four criteria govern the decision to grant or deny a preliminary injunction. The district court must consider:

(1) the likelihood of success on the merits;

(2) the potential for irreparable harm, if the injunction is denied;

(3) the balance of relevant impositions, i.e. the hardship to the nonmovant [defendant] if enjoined as contrasted with the hardship to the movant [plaintiff] if no injunction issues; and

(4) the effect (if any) of the court's ruling on the public interest." Wagner v. City of Holyoke, 100 F.Supp.2d 78, 82 (D. Mass. 2000, Ponsor, J.) citations ommitted. Where the alleged injury is a threat to First Amendment interests, the finding of irreparable injury is often tied to the likelihood of success on the merits. The loss of First Amendment freedoms unquestionably constitutes irreparable injury. Id.

                              Respectfully submitted,

                              Joel Pentlarge, Plaintiff

                              Joel Pentlarge, Pro Se
                              Mass. Treatment Center
                              30 Administration Rd.
                              Bridgewater, MA 02324
                              Telephone (413) 967-3453

September 20, 2004