UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-30188 MAP

JOEL PENTLARGE,  ]
    Plaintiff  ]
  ]
vs.  ]
  ]
THE TOWN CLERK OF WARE,  ]
    Defendant  ]

## AGREEMENT FOR JUDGMENT

The parties in the above-entitled action agree that judgment shall enter as follows:

Recitals

A.    This action was brought by the Plaintiff, who has completed his incarceration for felony convictions and is at present civilly committed as a sexually dangerous person pursuant to M.G.L. c. 123A. The Complaint alleges a violation of Plaintiff's right to vote, more specifically, that the Defendant refused to send him an absentee ballot for the state primary election which took place on September 14, 2004 and subsequently refused to provide an absentee ballot for the general election of November 5, 2004, which ballot includes the presidential election as well as ballot choices for state, local and national elections.

B.    The parties have conducted the appropriate investigation and legal research, and the defense, further, has consulted with The Election Division of The Secretary of State's Office of The Commonwealth with regard to the Plaintiff's right to vote.

C.    The Defendant, subsequent to the commencement of this action, provided the Plaintiff with an absentee ballot for the general election.

<u>Judgment</u>

Judgment accordingly shall enter for the Plaintiff declaring the rights of the parties as follows:

1. The court declares that Joel Pentlarge ("Mr. Pentlarge",) a person who has been committed to the Massachusetts Treatment Center, pursuant to M.G.L. c. 123A, is a person who has been civilly committed to a secure treatment facility, which is not a correctional facility.

2. Mr. Pentlarge's commitment under M.G.L. c. 123A, as it has been authoritatively interpreted by the Massachusetts Supreme Judicial Court, is not due to a felony conviction. <u>Commonwealth v. Bruno</u>, 432 Mass. 489, 498 (2000).

3. Mr. Pentlarge is qualified and eligible to vote in all national, state and local elections, as a registered voter of the Town of Ware, as provided by Article III of the Articles of Amendment to the Massachusetts Constitution as most recently amended by Article 120 of the Articles of Amendment to the Massachusetts Constitution on November 7, 2000, and G.L.c. 51, §1, as amended by c. 150, §2 of the Acts of 2001, both of which set out the qualifications of voters in Massachusetts.

4. Mr. Pentlarge is not currently a person who is incarcerated in a correctional facility due to a felony conviction.

<u>Other Aspects of Judgment</u>

In addition to the above Judgment, costs of $150.00 are awarded to the Plaintiff against the Defendant.

Date: October 26, 2004

_____
Joel Pentlarge

2

Respectfully Submitted,
Joel Pentlarge,
By his attorney,

Date: 10/26/04

*[signature]*
William C. Newman, BBO #370760
American Civil Liberties Union of MA
39 Main Street
Northampton, MA 01060
(413) 586-9115/phone
(413) 586-7076/fax


Respectfully Submitted,
The Town Clerk of Ware,
By her attorney,

Date: 10/20/04

*[signature]*
Nicole B. Caprioli, BBO #643829
Christopher, Hays, Wojcik & Mavricos
370 Main Street
Worcester, MA 01608
(508) 792-2800/phone
(508) 792-6224/fax


Order Entered by this Court

_____
Michael A. Ponsor, Judge District Court

Date: _____

\\LNSNFS1\VOL1\Shared\Newman\Kim\Word\ACLUM\Pentlarge\Agree.Judgment.doc

3